UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CARLOS ALEJO, DAVID BAKAL and
JOSELINA MARMOL,

        Plaintiffs,

        -against-

DARNA RESTAURANT and YEHOUDA AVITAL,

        Defendants.

------------------------------------------------------------x

09 Civ. 5436 (CM)(AJP)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/11

MEMORANDUM DECISION AND ORDER CORRECTING REPORT AND ADOPTING SAME AS OPINION OF THE COURT; AWARDING JUDGMENT PURSUANT TO INQUEST TO PLAINTIFFS AND DENYING THE MOTION FOR COUNSEL FEES

McMahon, J.:

        The Court has reviewed the Report and Recommendation of The Hon. Andrew J. Peck, U.S.M.J., filed in connection with his inquest on damages in this FLSA/New York State Labor Law wages and hours action.

        I have also reviewed the objections filed thereto by plaintiffs' counsel. Defendants have never appeared in this action.

        Judge Peck recommends that judgment be entered for plaintiffs against defendants, jointly and severally, in the following amounts: Alejo, $22,960.00; Bakal, $14,213.50; and Marmol, $8,253.00. He also recommends that plaintiff's motion for attorneys' fees be denied for want of any contemporaneous time records to establish what the amount of the fee ought to be.

        Plaintiff does not object to Judge Peck's proposed award of damages to plaintiffs Alejo and Bakal. He objects to the recommended award for plaintiff Marmol on the ground that Magistrate Judge Peck erroneously concluded that Marmol began working for Darna Restaurant on July 26, 2008 and concluded her employment on or about November 26, 2008. In fact, Marmol's original affidavit (Ex. D to the Motion for Default Judgment, Docket #8), states that she worked at Darna Restaurant from *January* 26, 2008 through November 26, 2008. A supplemental declaration filed on November 25, 2010, during the pendency of the inquest, indicates that Marmol worked from "approximately January 2008 *to February 2009*."

        Judge Peck plainly erred (I imagine it was a typographical error) in concluding that Marmol began working at the end of July rather than the end of January 2008, and this court will

correct that error. However, plaintiff's counsel has submitted no explanation for the sudden extension of her work period into 2009 or explained the reason for any error in Marmol's original affidavit. Accordingly, the court discounts the November 25, 2010 Declaration and finds that Marmol is entitled to damages for the period beginning January 26, 2008 and ending November 26, 2008 – a total of 43 weeks. The damages calculation should be as follows:

$$43 \text{ weeks} \times 35 \text{ hours} \times \$6.55 \qquad \$ 9,857.75$$

Except insofar as I have corrected this calculation of Marmol's damages, the Report is accepted and adopted as the opinion of the Court. Accordingly, the Clerk of the Court is directed to enter judgment (including a doubling for liquidated damages) in favor of plaintiffs and against defendants jointly and severally in the following amounts:

| | |
|---|---|
| Alejo | $ 22,560.00 |
| Bakal | $ 14,235.50 |
| Marmol | $ 19,715.50 |

I add a word addressed to plaintiffs' objection to Judge Peck's recommendation that no attorneys' fees be awarded because counsel failed to submit contemporaneous time records. I agree completely with the learned Magistrate Judge's reasoning, and the objections suggest no reason for not accepting his recommendation. Fees allegedly due to the firm Rasking & Kremins will not be permitted "even if contemporaneous reports are not available because the attorney performing the majority of the work is no longer with the law firm and the records are unavailable." Objections (Docket #21) at para. 3. It is the FIRM'S responsibility to maintain copies of whatever contemporaneous time records its attorneys generate; those records are the property of the FIRM, at least if the FIRM expects to be compensated for its work. As for the work performed by Ronald B. Weisenberg, Esq., I reject the "attached billing report" (dated January 14, 2011, the very date the Objections were submitted to the court) that is attached to plaintiffs' Objections. First, the "attached billing report" is not a contemporaneous time record; it is a bill, manufactured after the Magistrate Judge made his recommendation. Second, the "documentation" that was submitted to Judge Peck did not consist of contemporaneous time records, either. Perhaps Mr. Weisenberg will learn a much-needed lesson from this experience and begin keeping the sort of contemporaneous time records that are expected of lawyers who bring lawsuits in federal court and expect to be paid for doing so.

I thus specifically endorse and adopt the recommendation to deny an award of attorneys' fees.

The Clerk of the Court is directed to close the file.

Dated: January 18, 2011

_____
U.S.D.J.

BY ECF TO ALL COUNSEL AND TO MAGISTRATE JUDGE PECK

Case 1:09-cv-05436-CM   Document 22   Filed 01/18/11   Page 3 of 3

BY ECF TO ALL COUNSEL AND TO MAGISTRATE JUDGE PECK